## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **FRANKIE JOE BROWN** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-25-126-R** |
| | ) | |
| **BOP LT. HARVEY et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Frankie Brown, a federal inmate appearing pro se and in forma pauperis, filed this action under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), seeking monetary relief and his transfer from FCI El Reno or release from custody. Docs. 6 & 8.[1] United States District Judge David L. Russell referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 4. The undersigned recommends the Court dismiss Plaintiff's amended complaint in its entirety without prejudice: Plaintiff's request to be transferred is moot, he seeks relief not available in a *Bivens* action, and the complaint fails to satisfy the Rule 8 pleading standard.

---

[1]    Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

## I.    Screening.

The Court must screen Plaintiff's amended complaint and dismiss it, or any part of it, if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A; *see also id.* § 1915(e)(2)(B).

In conducting this review, the Court accepts Plaintiff's allegations as true and construes them, and any reasonable inferences to be drawn from them, in the light most favorable to him. *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). But "[t]he burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). The allegations in a complaint must present "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

Although the Court liberally construes a pro se litigant's pleadings, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court may not serve as Plaintiff's advocate, creating arguments on his behalf. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008). Nor may the Court craft legal theories for the plaintiff or supply factual allegations to support his claims. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

2

In deciding whether to dismiss the complaint, in whole or in part, the Court considers whether to allow the plaintiff an opportunity to amend the complaint. *See Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990). Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Id.* And the Court should grant an opportunity to amend unless amendment would be futile. *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004). An amendment is futile if the amended claims would be subject to immediate dismissal under the Fed. R. Civ. P. 12(b)(6) or § 1915A standards. *Id.*

## II.   Plaintiff's amended complaint.

Plaintiff is a federal inmate currently confined at United States Penitentiary, Florence High (USP Florence-High). Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/ (BOP Register #07617-025) (last visited April 17, 2025).

In his first claim for relief, Plaintiff claims that he has been participating in programs "for [his] [First Step Act] or [Second Chance Act] . . . credit[s]," but because of his unit team's "retaliation" against him he is being wrongfully imprisoned. Doc. 6, at 5. He claims that he has "documents [] show[ing] that [his] history of violence should've been change[d] and [that he] should've had a date of [November 28, 2024]." *Id.* at 6. He brings this claim against his "unit

team," Defendants FNU Pendarvis, FNU Hollis, and FNU Rother, and Defendant Lieutenant Harvey in his official and individual capacity. *Id.* at 4-5.[2] Plaintiff seeks immediate release from custody and monetary compensation in the amount of $10,000 a day starting from the period of November 28, 2024, to the present as "if [he] was out working with the total." *Id.* at 6.

In his second claim for relief, Plaintiff alleges that a staff member, Mr. Pennick, assaulted him on February 11, 2025. *See* Doc. 8.[3] Petitioner did not name Mr. Pennick as a Defendant. *Id.* He alleges that Pennick informed him that "if [he] look[ed] at his name, [] he was going to put [Plaintiff] on his head." *Id.* Plaintiff states that he asked to speak with "the lieutenant[4]" after this

---

[2]     Plaintiff does not specify whether he is suing Defendants Pendarvis, Hollis, and Rother in their individual or official capacity as employees of FCI El-Reno. *See* Doc. 6. Therefore, the Court liberally construes Plaintiff's complaint to assert claims against Defendants Pendarvis, Hollis, and Rother in both capacities.

[3]     On February 14, 2025, Plaintiff filed with the Court a letter addressed to the undersigned which contained these allegations. S*ee* Doc. 8. The Court informed Plaintiff that letters are not recognized as pleadings, but that it would construe his letter as a supplement to his amended complaint. *See* Doc. 10.

[4]     He does not specify whether this Lieutenant is Defendant Harvey. *See* Doc. 8. Plaintiff's claim against Defendant Harvey here also fails the Rule 8 pleading standard because he does not specifically identify Defendant Harvey in the complaint as the lieutenant who threatened him with mace. *See* Doc. 8. But the Court does not address this any further as any claims involving Defendant Harvey are moot.

conversation. *Id.* He claims that the unidentified lieutenant "took [him] to a room and took out his mace and told [him] that he [would] use it on [him]." *Id.* He asks the Court to "move [him] from this institution," so that he suffers no further harm. *Id.*

## III. Discussion.

### A. Plaintiff's transfer request is moot.

Plaintiff was confined at FCI El Reno when he filed his amended complaint, Doc. 6, Att. 1, but he is now confined at USP Florence-High. *See* Bureau of Prisons Inmate Locator (BOP Register #07617-025). "When a prisoner files suit against prison officials who work in the institution in which he is incarcerated, seeking declaratory and injunctive relief . . . and then that prisoner is subsequently transferred to another prison or released from the prison system, courts are presented with a question of possible mootness." *Jordan v. Sosa*, 654 F.3d 1012, 1027 (10th Cir. 2011). "Because mootness is a matter of jurisdiction, a court may raise the issue sua sponte." *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996).

Plaintiff is no longer confined at FCI El Reno and no longer under the care of any employees of FCI El Reno. "Because a prisoner's transfer or release signals the end of the alleged deprivation of his constitutional rights, an entry of equitable relief in his favor would amount to nothing more than a declaration

5

that he was wronged, and would have no effect on the defendants' behavior towards him." *Patterson v. Santini*, 2016 WL 11642452, at *6 (D. Colo. Nov. 28, 2016); *cf. Nasious v. Colorado*, 495 F. App'x 899, 903 (10th Cir. 2012) ("[I]t is well-settled that a prisoner's transfer out of a prison moots his requests for . . . injunctive relief against staff at that prison."). There is no indication in the record that Plaintiff will return to FCI-El Reno in the near term. His claim for injunctive relief is moot.

Therefore, the Court should dismiss this claim without prejudice.

**B. Plaintiff seeks relief not available in a *Bivens* action.**

Plaintiff seeks immediate release from custody along with monetary damages. Doc. 6, at 6. The basis for Plaintiff's claim is an allegation that he has done "programming for [his] [First Step Act] or [Second Chance Act]" credits but has been retaliated against by prison staff and wrongfully imprisoned. *Id.* at 5.

"[A] prisoner who challenges the fact or duration of his confinement and seeks immediate release or a shortened period of confinement, must do so through an application for habeas corpus." *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012). "In contrast, a prisoner who challenges the conditions of his confinement must do so through a civil rights action." *Id.*; *Powell v. Fleming*, 27 F. App'x 970, 973 (10th Cir. 2001) ("An action arising

under *Bivens*, on the other hand, provides a means by which a prisoner may challenge the conditions of his or her confinement.").

"Although the Court is required to construe a pro se litigant's arguments liberally, Petitioner is the master of his own case."*Yarclay v. Micieli*, No. CIV-21-1159-R, 2022 WL 193738, at *2 (W.D. Okla. Jan. 20, 2022). The Court cannot grant Plaintiff the request he seeks in a *Bivens* action because he seeks to be immediately released from custody and vaguely asserts that the Bureau of Prisons (BOP) withheld time credits under the First Step Act and Second Chance Act. Doc. 6, at 5. *See Waldon v. Maughn,* No. CIV-20-412-JD, 2023 WL 2598695, at *2 n.5 (W.D. Okla. Mar. 22, 2023) ("Tenth Circuit precedent is clear that a prisoner who challenges 'the fact or duration of his confinement and seeks immediate release . . . must do so through an application for habeas corpus.'" (quoting *Palma-Salazar*, 677 F.3d at 1035)).

Therefore, the undersigned recommends that the Court dismiss Plaintiff's claim for immediate release without prejudice.

### C. Plaintiff's remaining claims against Defendants for monetary compensation fail to satisfy the Rule 8 pleading standard.

Plaintiff also asserts claims against Defendants for monetary relief for alleged constitutional violations under *Bivens*. *See* Doc. 6. Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "(1) a short and plain

statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

The complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556); *see also Gee v. Pacheco*, 627 F.3d 1178, 1184 (10th Cir. 2010).

"Rule 8 serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted." *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007). In other words, the complaint must give each defendant fair notice of the claims against him or her and, at a minimum, Plaintiff must inform Defendants about what they have allegedly done to violate federal law. *See Barfield v. Commerce Bank*, 484 F.3d 1276, 1281 (10th Cir. 2007). That is, from the allegations in the complaint, Defendants must be able to learn "what [they] did to [Plaintiff];

when [they] did it; how [their] action harmed [Plaintiff]; and, what specific legal right [Plaintiff] believes [they] violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Pro se litigants are not excused from complying with these minimal pleading demands. "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall*, 935 F.2d at 1110. It is also improper for the Court "to assume the role of advocate for a pro se litigant." *Id.* Thus, the Court cannot "supply additional facts, [or] construct a legal theory for [P]laintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Plaintiff links none of the Defendants with the alleged violations of his constitutional rights. Plaintiff does not identify the role Defendants played in his alleged wrongful imprisonment or how or what the alleged retaliation even stems from. Plaintiff's threadbare allegations in his amended complaint do not satisfy the Rule 8 pleading standard. And his allegations do not satisfy the required pleading of personal participation by each Defendant in the alleged constitutional violations under *Bivens*. *See Pahls v. Thomas,* 718 F.3d 1210, 1225 (10th Cir. 2013) ("Because § 1983 and *Bivens* are vehicles for imposing

personal liability on government officials, we have stressed the need for careful attention to particulars, especially in lawsuits involving multiple defendants. '[I]t is particularly important' that plaintiffs 'make clear exactly *who* is alleged to have done *what* to *whom,* . . . as distinguished from collective allegations.'") (quoting *Kan. Penn Gaming, LLC v. Collins,* 656 F.3d 1210, 1215 (10th Cir.2011), and then quoting *Robbins,* 519 F.3d at 1250).

The Court should dismiss Plaintiff's remaining claims for monetary compensation against Defendants for failure to satisfy the Rule 8 pleading standard.

### D. The Court should not grant leave to amend, because any amendment would be futile.

"Although Fed. R. Civ. P. 15(a) provides that leave to amend shall be given freely, the district court may deny leave to amend where amendment would be futile." *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Inv'r's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999). Any amendment would be futile because Plaintiff's claims fall outside the narrow rubric of a viable *Bivens action.*

*Bivens* established "an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001). The Supreme Court has recognized a

10

*Bivens* remedy in only three cases: (1) *Bivens* (a Fourth Amendment unreasonable search and seizure claim); (2) *Davis v. Passman*, 442 U.S. 228 (1979) (a Fifth Amendment equal protection claim for gender discrimination); and (3) *Carlson v. Green*, 446 U.S. 14 (1980) (an Eighth Amendment failure to provide adequate medical treatment claim). "These three cases—*Bivens*, *Davis*, and *Carlson*—represent the only instances in which the [Supreme] Court has approved of an implied damages remedy under the Constitution itself." *Ziglar v. Abbasi*, 582 U.S. 120, 131 (2017).

And "*Bivens* is now all but dead." *Rowland v. Matevousian*, 121 F.4th 1237, 1241-42 (10th Cir. 2024); *see Logsdon v. United States Marshal Serv.*, 91 F.4th 1352, 1355 (10th Cir. 2024) (calling *Bivens* "a relic of the 20th century"). Indeed, in the decades since *Bivens* was decided, the Court has "progressively chipped away at the decision—to the point that very little of its original force remains." *Silva v. United States*, 45 F.4th 1134, 1139 (10th Cir. 2022); *see also Egbert v. Boule*, 596 U.S. 482, 491-93 (2022) (listing cases in which the Court has declined to extend *Bivens*).

Even with the most liberal construction, Plaintiff's claims involving retaliation and the unavailability of the First Step Act and the Second Chance Act fall outside the narrow *Bivens* framework for an implied damages remedy

under the Constitution. So the Court should not give Plaintiff another opportunity to amend his pleadings.

## IV.     Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the dismissal of Plaintiff's complaint in its entirety without prejudice.

The undersigned advises Plaintiff of his right to file an objection to this report and recommendation with the Clerk of this Court on or before May 8, 2025, in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises Plaintiff that failure to make a timely objection to this report and recommendation waives the right to appellate review of both factual and legal questions contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 17th day of April, 2025.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE